### FLANAGAN v. McDERMOTT DAIRY CO. et al.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

LIBEL AND SLANDER (§ 6*)—IMPUTATION OF DISHONESTY.

    An action against a corporation and its superintendent for libel was based on a letter addressed by him to a third person, saying that experience was worth a million dollars, and that he would know better in the future not to give a man that had no more honor than to expect every new man he broke in to treat him to a glass of booze or turn him down as incompetent. and that if he was an advocate of rum to stick to Flanagan (the plaintiff). *Held*, that the letter was not libelous per se, and that a demurrer to the complaint on the ground that it did not state a cause of action should have been sustained.

    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 3–16; Dec. Dig. § 6.*]

Appeal from Special Term, New York County.

Action by Harry J. Flanagan against the McDermott Dairy Company and another. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and CLARKE, JJ.

---

John De Witt Warner, for appellants.
Maurice L. Heidenheimer, for respondent.

INGRAHAM, J.   The action is for a libel contained in a letter written by the defendant Johnson, dated April 10, 1908, addressed to one M. Murphy, and is as follows:

"My Good Sir:  Experience is worth a million dollars.  I will know better in the future not to give a man that has no more honor than to expect every new man he breaks in to treat him to a glass of booze or turn him down as incompetent.  If you are an advocate of rum, stick to Flanagan.  Believe me when I sign myself,

"Yours very truly,                              H. M. Johnson."

The complaint alleges that the defendant corporation is a domestic corporation, doing business in the state of New York; that the defendant Johnson was employed by the corporation as superintendent, and as such was in charge or control of, or supervised, the business of the defendant corporation; that on the 21st day of March, 1908, the defendant corporation, by the defendant Johnson, its superintendent, and the defendant Johnson, wrongfully, willfully, and maliciously wrote and published the letter of and concerning the plaintiff to one M. Murphy in the city of New York; that the said letter and libelous statement was written and published by the defendant Johnson in his capacity as superintendent of the defendant corporation, and was written and published for the purpose of aiding and benefiting the said defendant corporation in the conduct of its business, and more particularly to influence, through its terms and through the statements as to the plaintiff's habits and conduct, the said Murphy, and to retain the custom and trade of the said Murphy' for the defendant corporation; that the plaintiff was and still is in the employ as driver of the Thorndale Farms, who is in the milk business, and has covered the same territories and sold milk to persons in the same localities as the branch of the defendant corporation; and that the said libel was published by the defendant for the purpose and with a view that it would be spread among the customers of the plaintiff, who was formerly employed by the defendant corporation; and the complaint demands judgment for the sum of $20,000.   The defendants demur separately to this complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

It is quite evident that no cause of action is alleged against the defendant corporation.   It is not alleged that the defendant Johnson was employed or authorized by the corporation to write such a letter. Johnson's employment by the defendant corporation as superintendent gave him no authority on behalf of the corporation to libel others.   It is not alleged that this letter was written in relation to the business of the corporation, that the plaintiff was ever employed by the corporation to break in new men, or that he ever turned down any new man as incompetent.   The allegation of the complaint that the letter was written and published by Johnson in his capacity as superintendent of the defendant corporation could not bind the corporation, unless Johnson occupied such a relation to it as made the defendant

responsible for his acts of such a character, and it appeared that the letter was actually written as an act of Johnson on behalf of the corporation and within the authority conferred upon him. The form of the letter on its face is a letter of Johnson to a third party, having no relation to the corporation or its business or affairs.

But the letter is not libelous per se. It does not appear upon its face to have had any relation to the plaintiff, or to his former employment by the defendant corporation. Nothing connects the plaintiff with the first clause of the letter. The statement in the letter, "If you are an advocate of rum, stick to Flanagan," does not charge him with being a drunkard, or a man of dissolute habits. Nor is he charged with being an advocate of the use of rum. It merely states that, if the person to whom the letter is written is an advocate of such use, he will stick to Flanagan. So far as appears, Flanagan may be a total abstainer, or an advocate of the use of intoxicants upon scientific principles. The use of alcohol is advocated by a large proportion of the community; and, whatever may be the individual opinion of any one person, it certainly cannot be considered as tending to disgrace a person, or to hold him up to contempt and ridicule, to say that those who do advocate the use of alcoholic beverages should befriend or support a person named. The allegation that this letter was written for the purpose of retaining the trade of the person to whom it was addressed, as against the Thorndale Farms, a competitor in business of the corporation by whom the plaintiff was employed, would not necessarily injure the plaintiff. It would be an injury to his employer, rather than to him. Upon the whole, I think the article is not libelous per se, and for that reason the demurrer should have been sustained.

The judgment appealed from is therefore reversed, with costs, and judgment sustaining the demurrer directed, with costs, with leave to the plaintiff to amend his complaint within 20 days, upon payment of costs in this court and in the court below. All concur.