pleaded guilty to robbery, first degree, and was sentenced; and that the official Spanish interpreter did not transmit in Spanish to defendant the inquiry by the Judge to the defendant whether he had talked the case over with his lawyer and the inquiry by the Judge to defendant's lawyer whether he had told defendant that he could receive a minimum sentence of 10 years or more on a plea of guilty. Defendant swears that the language barrier prevented consultation with his lawyer. The official interpreter in an affidavit swears that he fully and correctly transmitted in Spanish to defendant the proceedings in court. The issue presented whether, through the official services of the court, defendant was or was not made cognizant of these questions by the Judge is one which, not conclusively refuted by unquestionable documentary proof, must be determined on a hearing. (*People* v. *Picciotti,* 4 N Y 2d 340; *People* v. *Guariglia,* 303 N. Y. 338; *People* v. *Lain,* 309 N. Y. 291.) Concur — Rabin, J. P., Valente, McNally, Stevens and Bergan, JJ.

■ MARTIN STARR, Respondent, v. UNITED ARTISTS CORPORATION et al., Defendants, and COLUMBIA PICTURES CORPORATION, Appellant.— Order denying motion to dismiss complaint in libel for insufficiency unanimously affirmed, with $20 costs and disbursements to plaintiff-respondent. The complaint by alleging that defendant Columbia Pictures Corporation knowingly composed and published the alleged defamatory letter necessarily imports, either that defendant Ferguson acted as employee of such corporation and within the scope of his employment, or that his act was at the direction of his corporate employer. As a consequence, plaintiff will have to prove as much in order to sustain the complaint. And this, on argument of the appeal, was not disputed by plaintiff. To the extent that the *ratio decidendi* in *Flanagan* v. *McDermott Dairy Co.* (132 App. Div. 166) would suggest otherwise, it is not followed. Notably, in that case it was observed that: "The form of the letter on its face is a letter of Johnson's to a third party, having no relation to the corporation or its business or affairs" (p. 168). The same could not be said in this case. Concur — Breitel, J. P., M. M. Frank, Valente, Stevens and Bergan, JJ. [20 Misc 2d 636.]

■ In the Matter of MAYO CABEY, Respondent, against NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Respondent, and CONSUELO CABEY, Appellant.— Orders of February 11, 1959 and February 27, 1959 and decision of March 31, 1959, unanimously dismissed as they have been reviewed on the appeal from the final order and are not otherwise appealable. (See *Matter of Cabey* v. *New York City Employees' Retirement System,* 10 A D 2d 836.) Concur — Breitel, J. P., M. M. Frank, Valente, Stevens and Bergan, JJ.

■ In the Matter of MAYO CABEY, Respondent, against NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Respondent, and CONSUELO CABEY, Appellant.— Final order of May 5, 1959 unanimously affirmed, with $20 costs and disbursements to petitioner-respondent. Concur — Breitel, J. P., M. M. Frank, Valente, Stevens and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. ALBERT DEVINE.— Motion granted insofar as to permit the appeal to be heard on the original record, without printing the same, except that a certified copy of the indictment shall be substituted in place of the original indictment, and upon typewritten or mimeographed appellant's points, on condition that the appellant serves one copy of the typewritten or mimeographed appellant's points upon the District Attorney of Bronx County and files 6 typewritten or 19 mimeographed copies of appellant's points, together with the original record, with this court. Anthony F. Marra, Esq., of 100 Centre Street, New York, New York is assigned as counsel for the appellant for the purposes of the appeal. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and McNally, JJ.